IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL ALLAN THOMAS,                           Civ. No. 1:14-cv-00987-CL

           Plaintiff,

                                                                            **ORDER**

v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

           Defendant.

---

CLARKE, Magistrate Judge.

Plaintiff Michael Allan Thomas ("Plaintiff") moves the Court for an award of $8,291.16 in attorney's fees, expenses, and costs under the Equal Access Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] Defendant Social Security Administration Commissioner (the "Commissioner") opposes Plaintiff's motion. Having reviewed the record and considered the specifics of this case, the Court concludes Plaintiff is entitled to his full request. His motion (#26) is GRANTED.

---

[1] Plaintiff seeks $7,871.72 in attorney's fees, $400 in expenses, and $19.44 in costs.

Page 1 – ORDER

## PROCEDURAL BACKGROUND

On June 19, 2014, Plaintiff filed a complaint (#1) to obtain judicial review of the Commissioner's final decision denying his application for disability benefits. On July 30, 2015, this Court reversed the Commissioner's decision and remanded for further administrative proceedings. The Court instructed the Commissioner's Administrative Law Judge ("ALJ") to determine whether Plaintiff is entitled to a closed period of disability. On October 28, 2015, Plaintiff's attorney filed an application (#26) for EAJA fees. The Commissioner asks (#27) the Court to reduce Plaintiff's requested award by 70 percent.

## LEGAL STANDARD

A prevailing party in an action against the United States is entitled to an award of attorney's fees and costs under EAJA unless the government demonstrates that its position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the Court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (applying *Hensley* to cases involving EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See Hensley*, 461 U.S. at 433; *Atkins*, 154 F.3d at 988.

## DISCUSSION

It is undisputed that Plaintiff is a prevailing party. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of

whether disability benefits ultimately are awarded."). Accordingly, the Court will award his fee request if it finds (1) the government has neither shown that its position was "substantially justified" nor demonstrated that special circumstances render the requested award unjust, and (2) the requested fees are reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Commissioner has not demonstrated that its position in denying Plaintiff's application was "substantially justified" or that it would be unjust to grant Plaintiff's requested award. It does not dispute that Plaintiff is entitled to reasonable attorney's fees. Rather, it asserts that $8,291.16[2] is not a reasonable award for this case.

EAJA expressly provides for an award of "reasonable" attorney's fees. 28 U.S.C. § 2412(d)(2)A). The starting point in determining a reasonable attorney's fee is the lodestar figure: the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Sorenson*, 239 F.3d at 1145 & n.2 (*Hensley* applicable to fee award under EAJA); *Atkins*, 154 F.3d at 988 (considering attorney's fee award under EAJA). Here, the Commissioner does not dispute the reasonableness of Plaintiff's counsel's hourly rate. It does, however, challenge the number of hours charged. The Commissioner argues 41.5 hours is unreasonable in light of the results obtained. Plaintiff alleged seven errors, and the Court rejected all but one. Plaintiff requested an award of benefits, but the Court remanded for further proceedings on a limited issue. The Commissioner asks the Court to reduce Plaintiff's award by 70 percent to account for this "limited success[.]" Def. Resp., at 4.

The U.S. Supreme Court counsels against the Commissioner's suggestion:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these

---

[2] Defendant incorrectly states that Defendant asks for $8,291.16 in attorney's fees. This total includes costs and expenses. Plaintiff requests $7,871.72 in attorney's fees.

> circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley*, 461 U.S. at 435 (internal citations omitted). The Commissioner is correct that Plaintiff did not succeed on all of his arguments, or convince the Court to remand for immediate payment of benefits. However, Plaintiff did prevail on an important issue that required remand for further proceedings, an alternate form of relief sought by Plaintiff. The Court considers this to be an excellent result. Accordingly, no reduction based on limited success is warranted. Having independently reviewed Plaintiff's petition for other possible concerns, the Court finds the amount requested to be reasonable.

Plaintiff assigned any EAJA fees to his attorney. Pl.'s Mot, Ex. C. Therefore, the amount of this award shall be paid to Plaintiff's attorney upon verification that Plaintiff has no debt, which qualifies for offset against the award pursuant to the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). If Plaintiff has no such debt, then a check shall be made out to Plaintiff's attorney, and mailed to Plaintiff's attorney. If Plaintiff has a debt, then a check for the remaining funds, after any offset of the debt, shall be made to Plaintiff and mailed to

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff's attorney. Plaintiff's attorney's mailing address is as follows: Donis R. Barnes Esq., at Tacoma Injury Law Group Inc., P.S., P.O. Box 1113, Tacoma, WA 98401-1113.

**ORDER**

Based on the foregoing analysis, Plaintiff's Motion for Attorney's Fees (#26) is GRANTED in full.

It is SO ORDERED and DATED this __8__ day of December 2015.

MARK D. CLARKE
United States Magistrate Judge